UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD DAVID JONES,

    Plaintiff,

v.

P. MASTERANGLO, #12771; S. DERRICO #43107; T. A. BEERS, #46894; JOHN DOE; G. A. KELLY; M. J. NIMROD; N. GRANNIS; and R. J. KIRKLAND,

    Defendants.

    /

No. C 06-0490 PJH (PR)

**ORDER RULING ON MOTIONS**

This is a civil rights case filed pro se by a state prisoner. In the initial review order the court ordered service on defendants Masteranglo, Derrico, and Beers. The other claims were dismissed with leave to amend, and plaintiff has not amended. Those claims will now be dismissed without further leave to amend.

Plaintiff has filed a number of motions and defendants Masteranglo, Derrico, and Beers have filed a motion to dismiss. These are now before the court for ruling.

**DISCUSSION**

**I. Defendants' Motion to Dismiss**

All remaining defendants, Masteranglo, Derrico, and Beers, have moved to dismiss. Because the ruling on that motion has the potential to be dispositive of the case, it will be addressed first.[1]

---

[1] Plaintiff's motion for an extension of time to oppose the motion to dismiss will be granted and the opposition will be deemed timely.

### A. Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.[2]

### B. Failure to Protect Claim

Plaintiff contends that defendant Derrico was the escort officer for an inmate returning from the medical clinic, but instead of escorting him to his cell, abandoned the escort task en route. The inmate he should have been escorting attacked plaintiff and broke his jaw. In the initial review order the court concluded that this was an Eighth Amendment failure to protect claim against Derrico.

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the

---

[2] *Bell Atlantic Corp.* disapproved the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41 (1957). *Conley* had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. *Bell Atlantic Corp.* decided that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp*, 127 S. Ct. at 1969.

2

deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834.

A prisoner states a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Neither negligence nor gross negligence constitutes deliberate indifference. *Farmer,* 511 U.S. at 835-36 & n.4. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *Id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw the inference. *Id.* However, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his or her knowledge of a substantial risk of serious harm. *Id.* at 842.

Allegations in a pro se complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference – i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it – states a "failure-to-protect" claim. *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005).

Plaintiff alleges that because the prison was on lock-down all prisoners had to be escorted to and from the medical clinic, that Derrico was escorting Sanders back from the clinic, that Derrico "turned loose or abandoned [Sanders] in route," and that Sanders attacked plaintiff, hitting him in the mouth hard enough to nearly knock him unconscious. He also alleges that when Masteranglo, who is not a defendant on this claim, asked him if he was "all right," plaintiff responded with an "equivocal 'yes' along with a shoulder shrug." When Derrico was then escorting plaintiff to the medical clinic for treatment of his mouth, Derrico asked who had hit him; when told "Sanders," Derrico responded with an expletive

and "you've got to be kidding me."

The issue is whether these factual allegations are sufficient to "state a claim for relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1964-65 (2007). The is nothing "plausible" about an inference from these facts that Derrico knew of and disregarded an excessive risk to inmate health or safety, a necessary part of an Eighth Amendment safety claim against him. *Farmer,* 511 U.S. at 837. Plaintiff does not allege that he and Sanders were enemies, nor that Sanders was a particularly dangerous prisoner, or anything else that suggests Derrico knew there was a substantial risk of serious harm. The motion will be granted as to this claim.

### B. Medical Care Claim

After the attack, plaintiff's jaw was bleeding. Derrico took him to the medical clinic, where after twenty minutes defendant Beers ordered Derrico to take him back to his cell because the infirmary was crowded and it was almost time for count. As a result, plaintiff was not given medical attention until two hours after the incident, and suffered "unbearable pain" for that time. Plaintiff also contended that Derrico and defendant Masterangelo were aware of the injury but failed to make sure he received care. In the initial review order the court concluded that this was an Eighth Amendment claim for deliberate indifference to a serious medical need against Derrico, Beers, and Masterangelo.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).[3] A determination of "deliberate indifference" involves an examination of two elements: the

---

[3] *WMX Technologies* overruled *McGuckin* only to the limited extent that *McGuckin* suggested that a court's dismissal with leave to amend is a final judgment for purposes of appeal where the plaintiff simply does not choose to file an amended complaint. *See WMX Technologies*, 104 F.3d at 1136. Rather, a further district court determination dismissing the complaint must be obtained before the order can be appealed. *Id.*

seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin*, 974 F.2d at 1059.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he or she "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *McGuckin*, 974 F.2d at 1060. A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004).

Petitioner alleges that after securing Sanders, Masteranglo asked plaintiff if he was all right and received the "equivocal yes" and shoulder shrug mentioned above. About ten minutes later Masteranglo told Derrico that plaintiff needed a medical evaluation. Derrico took plaintiff to the medical clinic; on the way, Derrico noticed that plaintiff had blood dripping form his mouth and asked him what he had in his mouth, to which plaintiff answered "nothing." Derrico locked plaintiff in a holding cell at the clinic at about 10:40 and informed clinic staff members plaintiff was there. They waited about twenty minutes, at which point defendant Beers told Derrico to return plaintiff to his living unit; plaintiff told Beers that there was something wrong with his jaw and he needed to see medical staff immediately. Beers told plaintiff that the clinic was crowded and that it was almost time for count, and that he would be seen right after count. Derrico escorted him back to the living unit, where plaintiff several times told Derrico he was in severe pain. After about thirty minutes plaintiff cried out for help and Masteranglo said he would contact the medical clinic. At 12:15 Derrico escorted plaintiff back to the medical area where he remained in a holding case until 12:35, when he was seen by medical staff.

The question is whether these allegations are "enough facts to state a claim for relief that is plausible on its face," *Twombly*, 127 S. Ct. at 1964-65, under the standard for deliberate indifference outlined above.  As plaintiff says, the over-all delay in his receiving medical care was approximately two hours.  Plaintiff was bleeding from his mouth, but had said he was all right when asked and had told Derrico he had nothing in his mouth when asked.  On the other hand, he objected to being returned to the living unit and asked for medical care once there.

To amount to deliberate indifference there must be a purposeful act or failure to act on the part of the defendant and resulting harm.  *McGuckin*, 974 F.2d at 1060.  The allegations here are that Derrico and Masteranglo were attempting to obtain medical care for plaintiff; the allegations are not sufficient to allege deliberate indifference, but rather show that Derrico and Masteranglo took reasonable steps to abate the problem.  The motion will be granted as to them.

The claim against Beers is closer, because he sent plaintiff back to the living unit for count, delaying care by about an hour and a half.  Plaintiff alleges that he was in severe pain for that time; "unnecessary and wanton infliction of pain" caused by failure to provide treatment is indicative of a serious medical need, *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104), and plaintiff has pled that Beers caused it not to be treated.  It may be that, for instance, there were so many prisoners ahead of plaintiff at the clinic that sending him back to his living unit for count made no difference, but plaintiff obviously did not plead that, or facts that would establish it, and at the pleading stage to draw that conclusion would be to go beyond what may be fairly inferred from the facts pleaded.

Defendants' contention that plaintiff has failed to sufficiently plead that he suffered harm from the delay is without merit.  Plaintiff has alleged that he suffered excruciating pain for the duration of the delay, which is harm in itself.

In sum, the motion will be granted as to the medical claims against Derrico and Masteranglo, and those claims will be dismissed with leave to amend.  *See Weilburg v. Shapiro*, No. 05-15540, slip op. 6657, 6662 (9th Cir. June 1, 2007) (a pro se complaint

6

must be liberally construed and "'may be dismissed for failure to state a claim only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'") (citations omitted). The motion will be denied as to the medical claim against Beers.

### C. State Law Claims

Defendants contend that plaintiff's supplemental state law negligence contentions are insufficient to state a claim because he does not allege exhaustion of his tort claim remedies. As a condition precedent to suit against a public entity or its employee, the California Tort Claims Act (CTCA) requires "the timely presentation of a written claim and the rejection of the claim in whole or in part." *Mangold v. California Pub. Util. Comm'n*, 67 F.3d 1470, 1477 (9th Cir.1995) (citing *Snipes v. City of Bakersfield*, 145 Cal. App. 3d 861, 193 Cal. Rptr. 760 (1983)). Compliance with the California tort claims act must be pleaded. *Id.*

Defendants are correct that plaintiff did not plead compliance with the California Tort Claims Act. It appears from some of plaintiff's other filings that he may be attempting to comply at this late date, perhaps by attempting to obtain permission to file a late claim. In any event, he has not pleaded compliance, so the state law claims will be dismissed with leave to amend.

## II. Plaintiff's Motions

Plaintiff's many motions will be addressed in the order in which they were filed.

Plaintiff's "Motion for Admission of Rule 36(a) FRCP" is a discovery request which should not have been field with the court. *See* Fed. R.Civ.P. 5(d). It will be stricken.

Plaintiff's "Motion to Plead" does not contain a comprehensible request for court action. It will be denied.

Plaintiff also renews his request for appointment of counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that

does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

It is difficult to determine what the likelihood is that plaintiff will succeed on the merits because at this stage of the case it is not known what unpleaded facts may support his allegations, but in any event even the allegations make for a weak case, as discussed above. So, although it is clear that plaintiff does have difficulty with written work, on balance the court determines that the interests of justice do not require appointment of counsel.

Plaintiff's motion to compel has been mooted by the stay of discovery, as has his motion to extend discovery. His motion for partial summary judgment goes only to the dismissed due process claims, so will be denied.

Plaintiff's motion for an extension of time to file his opposition to defendants' motion to dismiss will be granted and the opposition will be deemed timely.

Plaintiff's motion for a stay appears to be in part about his attempts to exhaust his state tort claim, but his explanation is not clear. Most of the motion, however, consists of unclear arguments that go to whether his summary judgment motion should be granted. Because it is not possible to determine whether a stay would be appropriate from what has been provided, the motion will be denied.

Plaintiff's most recent motion is "Motion: To Enter Pleading, Admission." This appears to be a notice that he filed his motion for a stay. To whatever extent it is a motion, it will be denied.

///

///

**CONCLUSION**

1. Plaintiff not having amended after the court's dismissal of some defendants with leave to amend, the claims against defendants G. A. Kelly, M. J. Nimrod, N. Grannis, and R. J. Kirkland are now **DISMISSED** with prejudice.

2. Plaintiff's motion for admissions (document number 15 on the docket) is **STRICKEN**.

3. Plaintiff's motions to plead (document 24), for appointment of counsel (document 25), to compel (document 26), for summary judgment (document 30), for discovery (document 39), for stay (document 41), and to enter pleading (document 43) are **DENIED**.

4. Plaintiff's motion for an extension of time to oppose the motion to dismiss (document 33) is **GRANTED**. The opposition is deemed timely. His earlier motion for an extension (document 32) is **DENIED** as moot.

5. Defendants' motion to dismiss (document 31) is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** as to all claims against defendants Masteranglo and Derrico. It is also **GRANTED** as to the state law claims. It is **DENIED** as to the medical claim against Beers. Those claims as to which the motion has been granted are **DISMISSED WITH LEAVE TO AMEND**.

6. Plaintiff may file an amended complaint to remedy the deficiencies identified above. Because an amended complaint complete replaces all previous complaints, the amended complaint must contain all the claims plaintiff wishes to pursue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If plaintiff wishes to file an amended complaint, he shall do so within thirty days of the date this order is entered. If no amended complaint is filed, the claims listed above as to which the motion to dismiss has been granted will be dismissed without further leave to amend, that is, they will be out of the case for good. After expiration of the time to amend the court will enter a scheduling order.

**IT IS SO ORDERED.**

Dated: 7/30/07

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\JONES490.MDISMISS.wpd